No. 9360.

BROWN *v.* FODDER ET AL.

TAXES.—*Invalid Tax Sale Lien.*—*Statute of Limitations.*—The right of a purchaser at an invalid tax sale to enforce a lien against the land is barred by the lapse of fifteen years, not by the five years' limitation prescribed in the 250th section of the assessment law, for an action to recover the land itself. Acts 1872, p. 117; 1 R. S. 1876, p. 127.

SAME.—*Subsequent Taxes.*—*Voluntary Payment.*—When the right to enforce a lien upon land for the amount bid at an invalid tax sale, has been lost by lapse of time, a subsequent payment of taxes on the land will be deemed a voluntary payment, furnishing no cause of action, and ineffective to restore the original right.

SAME.—*Pleading.*—*Limitation.*—*Evidence.*—When, under a complaint in ejectment, the plaintiff seeks, under sections 256 and 257 of the assessment law of 1872, Acts 1872, p. 119, 1 R. S. 1876, p. 129, to enforce a lien for the amount of his bid at an invalid tax sale, the answer of general denial admits proof of all defences, including the statute of limitations.

From the Spencer Circuit Court.

*G. L. Reinhard* and *W. H. Thomas,* for appellant.
*C. H. Mason* and *R. S. Hicks,* for appellees.

WOODS, J.—The appellant sued to recover possession of real estate. The defendant answered by the general denial, and upon the trial it was found and adjudged that the plaintiff should take nothing by the suit. The only question is whether the finding was according to the law and the evidence.

The evidence shows, without conflict or dispute, that the appellant purchased a part of outlot No. 6 in William R. Haynes' donation to the town of Rockport, in Spencer county, Indiana, on the 3d day of January, 1859, at a sale made for delinquent taxes assessed thereon, and received a certificate of purchase; that on the 6th day of December, 1875, he filed an affidavit with the auditor of the county, setting forth the fact of his having purchased the land described in the complaint at said sale and having received a certificate thereof; that the certificate had been lost, and asking the auditor to make him a deed, which the auditor then did make; that on the 15th day of January, 1880, the appellant paid to the treasurer of the county the further sum of $34, taxes then due upon said land; and other than these the appellant took, so far as is shown, no step to enforce his right or claim against the land until December 18th, 1880, when he commenced this action.

It was admitted that the appellee Sarah Fodder obtained title by a conveyance made January 26th, 1864, by John Harris, who had derived his title from a prior owner by a deed made in 1862, and that, when the appellee received her deed, she had no actual notice of any lien for unpaid taxes, or of the sale for delinquent taxes.

Conceding that under sections 256 and 257 of the act for the uniform assessment of property, approved December 21st, 1872, as interpreted in *Flinn* v. *Parsons,* 60 Ind. 573, and *Duke* v. *Brown,* 65 Ind. 25, the appellant was entitled to relief, unless his cause of action was barred by the statute of limitations, we are of opinion that the bar was complete.

The tax sale was made on the 3d day of January, 1859, and the sale being conceded to have been unlawful, the purchaser's lien and his right to enforce it against the land became complete at once. By section 229 of the act of 1872, if the conveyance shall prove to be invalid for any cause other than those enumerated in previous sections, "the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs and assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest and penalty, legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest, and such lands shall be bound for the payment thereof." Similar provisions were contained in the prior laws for the assessment and collection of taxes.

They are simply declaratory of the equitable doctrine of subrogation, and while the language is, " If any *conveyance* for taxes shall prove to be invalid," etc., it is manifest that if the sale is invalid, the purchaser need not go through the formality of taking a conveyance, unless for the purpose of entitling himself to the 25 per cent. interest provided for in sections 256 and 257 of the law ; but, under section 228, may have his money refunded out of the county treasury, or may proceed to enforce his lien against the land.

The question arises, what limitation of time will bar the action to enforce this lien? Under section 250 of the assessment law of 1872, " No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale," etc. ; but while the appellant's action was, by the form of his complaint, an action for the recovery of the land, he had the right, under sections 256 and 257, his title being invalid, to obtain, under that complaint, a decree for the enforcement of his lien, and, in respect to this right, we are of opinion that the limitation is not five years, as provided in section 250, but fifteen years, under the general statute of limitations. Code 1852, section 212, R. S. 1881, section 294.

From January 3d, 1859, the date of his purchase, until December 6th, 1875, when he obtained the auditor's deed, the appellant took no step, and did not institute this action until the 18th day of December, 1880, having on the 15th day of January, 1880, made his only payment of taxes on the land after the date of his purchase.

Whether, therefore, the statute of limitation be regarded as having commenced to run from the date of the sale, or from the end of two years thereafter, when the appellant might have claimed his deed, the period had fully run, and the appellant's rights were barred before the making of said payment of taxes as well as before the commencement of the action.

Waiving any consideration of the question whether there can be a lien in favor of the purchaser for taxes subsequently paid, disconnected from a right to enforce the lien obtained at the time of the purchase, we are of opinion that the appellant has no lien for the amount which he paid in January, 1880. When that payment was made, his original claim was already completely barred, and he had no lien upon or interest in the land which it was necessary or proper for him to protect, and consequently the payment was essentially a voluntary one; by itself it affords no cause of action, and can not be deemed to restore or keep alive the original cause. It follows that the finding and judgment of the circuit court were right, if under the issue as formed the statute of limitation was available to the appellee, as we think it was.

The plaintiff chose to frame his complaint according to the customary form of a complaint in ejectment or for the recovery of real estate, and under this complaint, by virtue of statutory provisions already referred to, he was entitled to enforce a lien upon the land for the amount due him as purchaser at an invalid tax sale. The only statute of limitation pertinent to his complaint is the twenty years' provision; while, as we have seen, the special relief which the appellant claimed on the trial is barred by the lapse of fifteen years. If, however, the fifteen years' limitation had been pleaded to

the complaint, it would have been on its face irrelevant and demurrable. The complaint being for the recovery of the land, by force of the code of 1852, sec. 596, R. S. 1881, section 1055, all matters of defence, including the lapse of time sufficient to bar the action, were admissible under the general denial. The appellee was not bound to know, and will not be presumed to have known, that the purpose of the plaintiff was to enforce a tax lien; and if he did in fact know, he could only plead to the complaint according to the nature of the cause of action set forth in it. It follows that unless the defendant in such a case can have the benefit of the statute without special plea, he can not have it at all, a result which was certainly not intended. We conclude, therefore, that when, under a complaint for the recovery of the land itself, the plaintiff seeks to enforce a tax lien under the statutes referred to, instead of setting out specifically his cause of action according to its true nature, the defendant under an answer in denial may have the benefit of the statute of limitation or other special defence, as if specially pleaded.

Judgment affirmed, with costs.