Farrar v. Clark et al.

———————◆———————

No. 9316.

FARRAR v. CLARK ET AL.

QUIETING TITLE.—*Tax Title.—Evidence.*—In an action to quiet the title to real estate, where the defendant claims title to the land under a tax deed, he must show by his evidence that the statute had been strictly complied with in every step required to be taken, to authorize the sale for taxes and the execution of the tax deed.

SAME.—*Constitutional Law.—Statute Construed.—Statute of Limitations.*—Section 250 of the act of December 21st, 1872, to provide for a uniform assessment of property and for the collection and return of taxes thereon, is not repugnant to any provision either of the State or Federal Constitution, and is a constitutional and valid enactment; but it must be strictly construed, and can not be held applicable to an equitable suit to quiet the title to real estate.

From the Miami Circuit Court.

J. Farrar, for appellant.

W. E. Mowbray, for appellees.

HOWK, J.—This suit was commenced by the appellees Elisha, Enoch and Isaac Clark, Mary Scott, Sarah Butler and

Ilenas A. Kerr, against their co-appellee Elmer E. Kerr, to obtain the partition of certain described real estate, in Miami county. It was alleged in the complaint, that the appellant, Josiah Farrar, also pretended to own said real estate, or some interest therein, whereby a cloud was cast upon the title of the plaintiffs and the defendant Elmer E. Kerr. The prayer of the complaint was for partition of the real estate between the plaintiffs and Elmer E. Kerr, according to their respective interests therein, and that the pretended title of the appellant, Josiah Farrar, be adjudged null and void, and that he be prohibited from asserting any title to such real estate. The only controversy in this case, as well in this court as in the circuit court, was between the appellant, Farrar, on one side, and on the other side all the other parties to the action.

The cause was put at issue and tried by the court, and a finding was made that the appellees were the owners in fee, as tenants in common, of the real estate described in the complaint, specifying their respective interests therein, and that the plaintiffs were entitled to partition thereof as prayed for; that the appellant, Josiah Farrar, was not the owner of such real estate, as alleged in his cross complaint, and was not entitled to have title thereto quieted in him, under the tax deed thereof set out in his cross complaint; that the tax sale, under which he claimed title, was not perfected until the execution of the tax deed by the auditor of the county, on the 20th day of February, 1875, within five years of the commencement of this suit; that the plaintiffs were not barred by the limitation contained in section 250 of an act to provide for a uniform assessment of property, and for the collection and return of taxes thereon, approved December 21st, 1872, from maintaining this action; that the appellant, Farrar, was entitled to the sum of $586.69, the amount paid out by him for taxes upon such real estate, and the lawful penalty and the interest thereon, for which amount he was entitled to a lien upon such real estate.

Over the appellant's motion for a new trial, and his excep-

tion saved, the court rendered judgment upon and in accordance with its finding.

In this court the only error assigned by the appellant is the overruling of his motion for a new trial; and, in this motion, the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

The appellant claimed title to the real estate in controversy, under an invalid tax sale and an invalid tax deed. No attempt was made to show that the necessary steps had been taken by the proper officers to secure a valid and legal sale and conveyance of the real estate for the non-payment of taxes. Such a showing would have been indispensable, if the appellant had relied upon the validity of his title, under his tax deed; and, in such case, the burden of making such showing would have been on him. In other words, if the appellant had claimed title under and by virtue of his tax deed alone, it would have devolved on him to show affirmatively that the law had been strictly complied with in every step required to be taken to authorize the sale for taxes, and in the making of such sale. *Ellis* v. *Kenyon*, 25 Ind. 134; *Steeple* v. *Downing*, 60 Ind. 478; *Smith* v. *Kyler*, 74 Ind. 575.

But we do not understand that the appellant claimed title to the real estate in controversy under and by force of his tax deed alone. Indeed, the reverse is shown by the testimony of the appellant, an attorney of much experience and learning, who expressly declared, in response to the questions of the court, that he did not claim that his tax deeds and other evidence, of themselves, conveyed the title to him. He virtually admitted that if this suit had been commenced within five years from the date of the tax sale, his title under his tax deed would have constituted no valid or sufficient defence to appellees' suit against him, and would not have entitled him to a judgment or decree quieting his title as against the appellees, as prayed for in his cross complaint. To aid his defence to appellees' suit, and to support his cross action against

the appellees, he relied below and relies here upon the provisions of section 250 of the act of December 21st, 1872, to provide for a uniform assessment of property, and for the collection and return of taxes thereon.  This section reads as follows :

"Sec. 250.  No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale thereof for taxes as aforesaid (anything in the statutes of limitation to the contrary notwithstanding) :  *Provided,* That where the owner of such real property, sold as aforesaid, shall, at the time of such sale, be a minor, insane, or under other legal disabilities, five years after such disability is removed, shall be allowed such person or persons, their heirs or legal representatives, to bring their suit or action for the recovery of the real property so sold."   1 R. S. 1876, p. 127.

The appellees' counsel has vigorously attacked this section of the statute, upon the ground that its provisions are not the subject expressed in the title of the act, nor "matters properly connected therewith ;" and, therefore, counsel claims that the section is repugnant to section 19, of article 4, of the Constitution of this State, and absolutely void.  We do not think that the section quoted is open to this objection.  The subject of the act is taxation ; and the uniform assessment of property for taxation, and the collection and return of the taxes thereon are matters properly connected with such subject.  It was not necessary that the title of the act should go further and contain an expression or even an indication of the various provisions of the statute for the enforced collection of taxes by the sale of property, or of the inducements to purchasers at such sales ; or of the loss of property which the tax-payer might sustain by the non-payment of his taxes.   All the incidents of the collection of taxes are matters properly connected with the subject of the act in question, as expressed in its title.   We are of the opinion, therefore, that the provisions of section 250, above quoted, are matters properly con-

nected with the subject of the act of December 21st, 1872, as expressed in its title, and are not repugnant to any provision of the Constitution of this State.   McCaslin v. State, ex rel., 44 Ind. 151; Shipley v. City of Terre Haute, 74 Ind. 297; Kane v. State, ex rel., 78 Ind. 103.   Nor can it be said, we think, that the section under consideration is repugnant to that provision of section 1, of article 14, of the Federal Constitution, which provides that no State shall "deprive any person of life, liberty, or property, without due process of law."   The section is a constitutional and valid enactment.

But we are of opinion that the section is not applicable to the case at bar.   This is not an action to recover the real estate in controversy, or any interest therein.   As between the appellees and appellant, the action is simply to quiet the title to the real estate, by removing a cloud from such title, and for no other purpose.   In section 211 of the civil code of 1852, it was provided that an ordinary action "for the recovery of the possession of real estate" must be commenced within twenty years after the cause of action has accrued, and not afterwards.   But a suit to quiet the title to real estate is widely different from a suit for its recovery.   The former might be brought, under section 611 of the civil code of 1852, by a party either in or out of possession, or by a remainderman or reversioner; while the latter could only be maintained, under section 592 of the same code, by a party out of possession, "having a valid subsisting interest in real property, and a right to possession thereof."   The former was strictly an equitable suit, and, before the adoption of the code, could only have been prosecuted by bill in chancery, in a court of equitable jurisdiction, while the latter was a common law action.   The limitation prescribed by the code for an action to recover the possession of real property was not applicable in terms to an action to quiet the title to real estate; nor did the code prescribe in terms any period of time within which the latter action should be commenced.   For this reason, it has been held by this court, that actions to

quiet the title to real property were limited only by section 212 of the civil code of 1852, which provided that "All actions not limited by any other statute shall be brought within fifteen years." *Caress* v. *Foster*, 62 Ind. 145; *Brown* v. *Fodder*, 81 Ind. 491.

Section 250 of the tax law, above quoted, upon which the appellant relies in this action, was not applicable by its terms to an action to quiet the title to real estate. The section, we think, should be construed strictly. We can not extend the provisions of the section, by construction, beyond what was expressed in and by the exact letter of the statute. The section quoted, by its terms, did not cover the case before us, and was wholly inapplicable thereto. In the absence of this section of the statute, it is very clear, as it seems to us, that the appellant had no valid or legal defence to appellees' complaint against him; and, certainly, he had no such cause of action against them as is stated in his cross complaint. The section of the statute afforded him no assistance and did not strengthen him, either in his defence or in his cross action. He had nothing to rely upon, except only his tax deed, and that, as we have seen, was not shown to be sufficient to confer on him the title to the real estate.

Upon the whole case, we are of the opinion that the court committed no error in overruling the appellant's motion for a new trial. This conclusion renders it unnecessary for us to consider or decide any of the questions arising under the appellees' cross errors.

The judgment is affirmed, with costs.