Bowen *v.* Striker *et al.*

———◆———

No. 10,215.

BOWEN *v.* STRIKER ET AL.

STATUTE OF LIMITATIONS.—*Invalid Tax Sale.*—*Enforcement of Lien.*—The limitation upon a suit by a purchaser of lands for taxes to enforce a lien authorized by sections 229, 256 and 257 of the tax law of 1872, was fifteen years.

From the Carroll Circuit Court.

*S. A. Huff* and *J. B. Kane*, for appellant.
*L. B. Sims*, for appellees.

BLACK, C.—The appellant, who was the plaintiff, in his complaint filed on the 14th of January, 1881, alleged the purchase by him for a sum stated, in 1867, of certain real estate in Carroll county, Indiana, at a tax sale for taxes of 1865 and 1866; also, the purchase by him in 1871, for a sum stated, of a certain portion of the same real estate at a tax sale for the taxes of 1869 and 1870; the real estate so purchased at said sales being owned in fee simple by the appellee Peter Striker, and assessed in his name. It was alleged that certificates of purchase were delivered by the county treasurer to the appellant at the times of said sales; that the appellant remained the legal owner of said certificates until November 6th, 1879, when he demanded and received of the county auditor tax deeds, which had been duly recorded; that the amount of taxes paid by the appellant, as aforesaid, with interest at twenty-five per cent. per annum, was a sum stated. It was averred that the other appellees claimed interests in said real estate, the nature of which was unknown to the appellant; that said sums of money by appellant paid for taxes on said lands, as aforesaid, or any part thereof, had never been repaid to him by said Striker or by either of the other defendants, or by any other person on behalf of said Striker or either of the other defendants; that said lands had never been redeemed by the defendants or either of them, or by any other person in their behalf; and the plaintiff averred that he was the owner in fee simple of said real estate, and he asked that all the defendants be ruled to answer; that an accounting be had by the court, in order that the rights of the plaintiff and the defendants might all be properly adjusted; that the court find the amount of the principal and interest due the plaintiff on account of said purchase at tax sale; that in case the same be not paid or tendered to the plaintiff, a commissioner be appointed to convey

the title in fee simple of said real estate to the plaintiff; that his title be forever quieted; and that he have all proper relief.

The appellee Peter Striker answered disclaiming any interest or title in said real estate since said purchase at tax sale. Three of the other defendants answered by guardian ad litem, and the two remaining defendants answered separately. All the answers except that of the defendant Striker contained general denials. Each contained also a special paragraph, a demurrer to which was overruled. These special paragraphs of answer were alike, and each alleged that the cause of action stated in the complaint "did not accrue, nor was said action brought or commenced, within five years next after said sales or either of them, nor within five years next after the taking effect and going into force of an act to provide for a uniform assessment of property, and for the collection of taxes thereon, enacted by the General Assembly of the State of Indiana, and approved December 21st, 1872, by which act the following statute of limitation was, on the 21st day of December, 1872, and from thence hitherto hath been and still is, in force in the State of Indiana, to wit: 'No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale thereof for taxes as aforesaid (anything in the statutes of limitation to the contrary notwithstanding).'"

There was a rule to reply, and at a subsequent term the cause was submitted to the court for trial, no reply having been filed. The case is therefore to be treated as if replies in denial had been filed. The court found for the defendants, and rendered judgment accordingly.

Appellant has assigned as errors the overruling of his demurrers to said paragraphs of answer.

It was held in Farrar v. Clark, 85 Ind. 449, that section 250 of said act of 1872, pleaded in said answers, should be strictly construed, and that it was not applicable to an action to quiet title to real estate.

We have not taken space to set out the complaint in full. It clearly failed to show compliance with all the requirements to confer title upon the appellant through sale and conveyance for taxes, and so far as it sought to quiet his title it was, therefore, insufficient. *Gavin* v. *Shuman*, 23 Ind. 32; *Ellis* v. *Kenyon*, 25 Ind. 134; *Steeple* v. *Downing*, 60 Ind. 478.

It was sufficient, however, for the enforcement of a lien upon the land, as provided by sections 229, 256 and 257 of said act of 1872. *Flinn* v. *Parsons*, 60 Ind. 573; *Cooper* v. *Jackson*, 71 Ind. 244; *Parker* v. *Goddard*, 81 Ind. 294 It has been held in *Brown* v. *Fodder*, 81 Ind. 491, that in respect to the right of a purchaser of land at a tax sale, whose title is invalid, to obtain the enforcement of a lien upon the land under sections 256 and 257 of said act of 1872, the limitation is not five years, the period provided in section 250 of said act, pleaded in the answers now under discussion, but is fifteen years, under the general statute of limitations. Adhering to that decision, we must hold that the court erred in overruling the demurrers to said special paragraphs of answer. Therefore the judgment should be reversed.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and that the cause be remanded, with instructions to proceed in accordance with said opinion.