Filed Feb. 14, 1884.

---

### GABE v. ROOT.

QUIETING TITLE.—*Complaint.* — *Averments of Title.* — *Corporation.* — *Conveyance.*—A complaint to quiet title to real estate, which alleges that the plaintiff is the owner in fee simple, is not rendered insufficient by an averment that his title is deduced through "the Indianapolis Warm Air Company," as such companies are empowered under certain circumstances to take, hold and convey real estate.

SAME.—*Tax Title.*—*Limitation of Action.*—*Statute Construed.*—An action to quiet title to land held by the defendant under a tax sale is not barred after five years from the sale, as section 250 of the act of December 21st, 1872, does not apply to such action.

SAME.—*Tax Deed.*—*Evidence.*—A deed for taxes executed in pursuance of section 211 of the act of March 29th, 1881, Acts 1881, p. 679, is not presumptive evidence of a legal title in the holder unless witnessed by the county treasurer.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*J. B. Mulkey, J. H. Louden* and *R. W. Miers*, for appellee.

BEST, C.—This action was brought by the appellee against the appellant to quiet title to real estate.

The complaint averred, in substance, that the appellee was the owner in fee simple of the land described by regular chain of title; that the same, on the 15th day of May, 1873, was conveyed by one S. S. Holdbrook, a former owner, to the Indianapolis Warm Air Company, and that said company, on the 5th day of July, 1874, conveyed the same to the appellee; that on the 22d day of November, 1873, the recorder of Morgan county issued a fee bill against said Holdbrook, and the same was delivered to the sheriff of said county, who thereafter sold said land to the appellant to satisfy said claim, and, at the expiration of one year from such sale, executed a deed to the appellant for such land; that said land was, on the 8th day of February, 1875, sold to the appellant for taxes, and that in pursuance of such sale a certificate of purchase was issued to him; that said certificate and said sheriff's deed create a cloud upon his title, etc. Prayer that these clouds may be removed, that the amount of taxes paid may be ascertained, so that the appellee may pay them, and that his title be quieted, etc.

A demurrer to the complaint for the want of facts was filed and overruled.

An answer in denial and a cross complaint were filed. By the latter the appellant sought to recover the amount of taxes paid in case his title was found invalid. The issues were tried by the court, and a finding was made that the appellee was the owner in fee, and that the appellant had a lien for $95.34 for taxes paid. Thereupon the appellee paid into court for the appellant $95.34, and the court rendered judgment quieting the title of the appellee at his own costs. Within one year thereafter the appellant obtained a new trial as a matter of right. The issues were again submitted to the court, a finding made for the appellee, and, over a motion for a new trial, judgment was rendered upon the finding.

The ruling upon the demurrer and upon the motion for a new trial are assigned as error.

The appellant insists that it appears upon the face of the complaint that the appellee has no title to the premises in question, and therefore the complaint was insufficient. This conclusion is thus reached: The complaint avers that the appellee deduces title through a conveyance made by the Indianapolis Warm Air Company, and the appellant insists that such name imports a corporation, and that such corporation has no power to take and convey such real estate. In this conclusion we do not concur. It may be conceded that such name implies a corporation, but it does not therefore follow that such corporation had no power to take and convey such real estate. The act of March 10th, 1875 (Acts 1875, p. 107), provides that "all incorporated manufacturing companies, in actual operation and carrying on business in the State of Indiana, may take and hold, and convey so much real estate as may be necessary to carry on their business, and may also take and hold such real estate as may be mortgaged to such companies to secure any debt, or may be taken in payment of any indebtedness previously contracted, or may be purchased on judgments, decrees or mortgages obtained or made for such debts, and all such conveyances of land, whether made heretofore or hereafter, are hereby ratified and declared to be valid." For aught that is averred, the Indianapolis Warm Air Company may be such corporation, and as it may have taken this land in payment of a debt previously contracted, we can not say that it had no power to make the conveyance. At all events, the mere averment that the appellee derives his title through the Indianapolis Warm Air Company is not sufficient to control the general averment that the appellee is the owner in fee simple. Since such companies, under certain circumstances, possess the power to make such conveyances, this averment is not inconsistent with the general averment that the appellee is the owner in fee, and does not, therefore control it. *Arnold* v. *Smith*, 80 Ind. 417.

This averment therefore did not render the complaint insufficient.

The motion for a new trial is urged upon the ground that the finding was contrary to the evidence and the law.

The land in dispute was sold to the appellant for taxes on the 8th day of February, 1875, and as this action was not commenced for more than five years thereafter, he insists that the action is barred by the provisions of section 250 of the act of December 21st, 1872, which provides that actions for the recovery of real estate sold for taxes must be brought within five years from the time such sale was made. This court has held that such section does not apply to actions brought to quiet title, and as this is such action the same is not bound by the provisions of said section. *Farrar* v. *Clark*, 85 Ind. 449; *Bowen* v. *Striker*, 87 Ind. 317.

The appellant, in support of his title, read in evidence a tax deed executed to him by the auditor of said county for said land, and as there was no evidence to impeach the validity of such title, he insists that he was entitled to recover upon the evidence. Section 211 of the act of March 29th, 1881 (Acts 1881, p. 679), provides that " Such deed shall be *prima facie* evidence of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in fee simple in the grantee of said deed." Under this section, appellant insists that as such deed is *prima facie* evidence of a valid title in fee simple it entitled him to recover in the absence of impeaching evidence. If the provisions of said section are applicable to a sale made previous to its adoption, a question we need not determine, this particular deed did not make a *prima facie* case for the appellant. The same section of the statute provides that " Such conveyance shall be executed by the county auditor, under his hand and seal, witnessed by the county treasurer, and acknowledged before the county recorder or any other officer authorized to take acknowledgments, and the same shall be recorded

in the recorder's office before delivery." This deed was not witnessed by the treasurer, and consequently was not executed in compliance with, but in violation of, the statute. Such deed was not therefore presumptive evidence of a legal title. *Sheehy* v. *Hinds*, 27 Minn. 259; *Sutton* v. *Stone*, 4 Neb. 319.

This disposes of all the questions raised, and as we think the court decided them correctly the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Feb. 20, 1884.