Montgomery *et al. v.* Aydelotte.

No. 11,218.

MONTGOMERY ET AL. *v.* AYDELOTTE.

TAX SALE.—*Limitation of Fifteen Years.*—An action to enforce a lien acquired upon land by purchase thereof at tax sale is barred if not commenced within fifteen years after the right of action accrues.

SAME.—*Statute Runs from Right to Deed and not from Date.*—Such right of action accrues and the statute begins to run, not from the date of the tax deed, but at the time when the purchaser becomes entitled to his deed, and delay in obtaining such deed does not extend the time.

SAME.—*Taxes Subsequently Paid Relate Back.* - All taxes subsequently paid, and the right of action therefor, relate back to the time when the purchaser became entitled to his deed.

From the Harrison Circuit Court.

*L. Jordan* and *S. J. Wright,* for appellants.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

HAMMOND, J.—The appellee, in the second paragraph of his complaint, which was held good upon demurrer, sought to recover possession of real estate under a tax conveyance; or, if the conveyance was ineffectual to convey title, to have his tax lien foreclosed. Answer in two paragraphs: 1. General denial; 2. The fifteen years' statute of limitations. Reply in denial of the special paragraph; trial by the court; finding against the appellee upon the question of title, but in his favor as to his tax lien; and judgment on the finding over the appellants' motion for a new trial and exceptions.

The court below rightly decided that neither the appellee's complaint nor the evidence was sufficient to show a valid title in him under the tax deed. The important question in the case is whether the appellee's action was barred by the statute of limitations.

We think it was correctly held in *Brown* v. *Fodder,* 81 Ind. 491, and *Bowen* v. *Striker,* 87 Ind. 317, that an action to enforce a lien acquired upon real estate by purchase at tax sale is barred if not commenced in fifteen years after the cause of action accrues. See, also, *Caress* v. *Foster,* 62 Ind. 145.

The facts in the present case are as follows: The real estate

upon which the lien is attempted to be enforced was purchased at tax sale by Hugh Dyer, on February 2d, 1863. Dyer assigned the certificate of purchase to the appellee, to whom the county auditor executed a tax deed on November 6th, 1866. The appellee paid all taxes assessed against the land after the tax sale and up to and including the year 1874. This action was commenced on August 18th, 1881.

The tax laws of this State since 1852 have provided that if lands sold at tax sale were not redeemed by the owner within two years after the sale, the county auditor should execute to the purchaser a conveyance. Sections 166 and 168, 1 G. & H. 108; sections 222 and 224, 1 R. S. 1876, pp. 122–3; sections 6479 and 6480, R. S. 1881. These laws have also provided that " If any conveyance for taxes shall prove to be invalid, and ineffectual to convey title, * * * the lien which the State has on such lands, shall be transferred to and vested in the grantee, his heirs and assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest and penalty, legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest, and such lands shall be bound for the payment thereof." Section 173, 1 G. & H. 111; section 229, 1 R. S. 1876, p. 124; section 6488, R. S. 1881. Sections 256 and 257, 1 R. S. 1876, p. 129, provided that the grantee in a tax deed, when it was not sufficient to convey title, might enforce his lien for taxes in an action brought by or against himself to quiet title to, or to recover possession of, the land. Substantially the same provisions are contained in the present tax law. Sections 6496–7, R. S. 1881, as amended in Acts of 1883, pp. 95–6.

The right to enforce a lien for taxes is derived entirely from statute. From the statutory provisions above referred to we think that this right does not exist until the purchaser at tax sale obtains a conveyance from the county auditor. The owner of lands sold for taxes has two years in which to redeem, and

during that time is protected from an action to enforce the tax lien. The cause of action, then, to enforce the lien, accrues at the expiration of two years after the tax sale, and from that time the statute of limitations commences to run. Delay in obtaining the tax deed will not postpone the time when the statute commences to run.

The appellee was entitled to a tax deed on February 3d, 1865, and might, by procuring such deed, have then commenced his action. As it was not commenced until August 18th, 1881, which was more than fifteen years after his right of action accrued, it was barred by the statute of limitations.

The fact that the appellee annually paid taxes on the land up to 1874 did not extend the time for bringing suit. The statute gave him a lien for taxes paid after the tax sale, but this was to protect the lien created by the tax sale and conveyance. The amount of each payment of taxes after the sale attached to, and became a part of, the first cause of action, but did not form a separate and distinct cause of action.

The conclusions reached in *Brown* v. *Fodder, supra,* were correct, but so much of the opinion in that case as intimates that the statute of limitations commences running from the date of the tax sale, instead of two years thereafter, is not approved. In that case, as was rightly held, the action was barred, for, as was said in the opinion, "Whether * * * the statute of limitation be regarded as having commenced to run from the date of the sale, or from the end of two years thereafter, when the appellant might have claimed his deed, the period had fully run, and the appellants' rights were barred * * * before the commencement of the action."

Judgment reversed, at appellee's costs, with instructions to the court below to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.

Filed April 24, 1884.