Filed Nov. 12, 1884.

---

No. 11,217.

MONTGOMERY *v.* AYDELOTTE.

From the Harrison Circuit Court.

*L. Jordan* and *S. J. Wright*, for appellant.

*W. N. Tracewell* and *R. J. Tracewell*, for appellee.

HAMMOND, J.—This action is substantially the same as that of *Montgomery* v. *Aydelotte*, 95 Ind. 144, except in this case the appellee's action was not barred by the statute of limitations.

In this case the appellee purchased the land at tax sale, on February 7th, 1865. He might therefore have claimed his tax deed and commenced his action on February 8th, 1867. His action was commenced on August 19th, 1881, which was less than fifteen years after his cause of action accrued.

We think the appellee's complaint was sufficient for the purpose of enforcing his tax lien. The case was tried by the court, resulting in a finding and judgment for the appellee for the amount of his claim. Various objections were made to the rulings of the court, but as we are satisfied that a correct result was reached in the trial, we do not deem it necessary to consider these objections. The case falls fairly within the provisions of section 658, R. S. 1881, which requires this court not to reverse a judgment where it appears that the merits have been fully tried and determined in the court below.

Affirmed, with costs.

Filed April 24, 1884.

---

No. 11,676.

THE STATE *v.* SCHREIBER.

From the Bartholomew Circuit Court.

*F. T. Hord*, Attorney General, *W. Dixon*, Prosecuting Attorney, and *W. B. Hord*, for the State.

NIBLACK, J.—The indictment in this case was quashed on motion of the appellee. It was, both in its form and in its substantial allegations, the same as the indictment in the case of *State* v. *Schreiber, ante*, p. 184, except that it charged that the sale of intoxicating liquor was made to one James W. Blakely. Upon the authority of that case the judgment in this case will have to be reversed.

The judgment is reversed accordingly, and the cause remanded for further proceedings.

Filed Nov. 14, 1884.