Filed March 7, 1888.

No. 13,169.

## KRAUS v. MONTGOMERY.

TAX SALE. —*Redemption.*— *Quieting Title.*— *Limitation of Action.*— *Deed.*— Section 250 of the tax law of 1872, which required actions for the recovery of real estate sold for taxes to be brought within five years from the time sales were made, did not apply to an action by the owner to establish his right to redeem and to quiet title; and neither that section nor the fifteen years' statute of limitations is available to a tax purchaser, unless he actually occupies the land, or has constructive possession under a duly recorded deed not void on its face, and these facts must appear.

SAME.—*Presumption of Invalidity.*—In such case, where the finding of the trial court is in favor of the owner, it will, in the absence of a showing to the contrary, be presumed on appeal, as against the tax purchaser, upon whom the burden of proof in that respect rested, that the sale was invalid and that the invalidity appeared on the face of the deed.

SAME.—*Tender.*—Where the amount due is uncertain, or depends upon different and doubtful constructions of law, it is only necessary that the party in default shall tender and bring into court the amount admitted, or which he in good faith believes to be due.

From the Dubois Circuit Court.

*O. A. Trippet, J. E. McCullough* and *J. H. Miller,* for appellant.

*W. F. Townsend, M. Fleener, A. H. Taylor* and *E. P. Richardson,* for appellee.

MITCHELL, C. J.— Montgomery brought suit against Kraus to redeem a certain tract of land in Dubois county from the lien of certain tax claims, and to quiet his title against certain tax deeds held by the latter.

The defendant pleaded the statute of limitations and various other defences, and also filed a cross-complaint, setting up title in himself.

The court found the facts specially, and stated conclusions of law thereon, to the effect that the plaintiff was the owner of the land described in the complaint, but that it was subject to a lien in favor of the defendant for three hundred and eighty-eight dollars and forty-five cents, that being the amount due the latter for taxes, penalties, interest, costs, etc.

The only facts disclosed by the special finding material to be considered are the following : The land in dispute was patented by the government in 1856 to Larkin Montgomery, who owned the same in fee simple until the year 1884, when he and his wife conveyed it by a quitclaim deed to the plaintiff, Alexander J. Montgomery, the latter paying therefor a valuable consideration. The deed to the plaintiff was duly recorded. It appears that the taxes had been permitted to become delinquent, and in the years 1862, 1864, 1865, 1874 and 1875, respectively, Kraus purchased separate parcels of the land at tax sales, which several purchases, in the aggregate, embraced the whole tract in dispute. A certificate of purchase had been duly issued for each separate tract purchased.

In the year 1874 the certificates obtained prior to that date were surrendered, and a tax deed was issued thereon by the auditor for the lands embraced by the several certificates, and in 1877 a similar deed was obtained from the auditor covering the purchases at the tax sales made subsequent to the year 1874.

The court found that these tax deeds, which had been duly recorded, were invalid to convey the title to the purchaser. It was also found that prior to the commencement of the suit,

in December, 1885, the plaintiff had tendered to the defendant three hundred and thirty dollars in lawful money of the United States, which sum was tendered in full payment of the amount of the taxes, penalties, etc., and which the defendant refused to accept. It was found that the plaintiff brought the amount thus tendered into court for the defendant's use.

The findings disclose that the land was, during all the years above mentioned, unenclosed woodland. Nothing appears in the findings concerning the plaintiff's possession, or that of his grantor. All that is found upon the subject of possession is, that some fifteen or eighteen years before the commencement of the suit, the defendant from time to time made inquiry of persons living in the neighborhood concerning the condition of the timber, and claimed to own the land, and occasionally went to look over it.

It was also found that some eight or nine years before the suit was commenced, the appellant appointed an agent to look after the land and keep off trespassers, and that in the year 1882 some slight improvement, covering about four acres of the land in dispute, was made under a lease, which the appellant's tenant abandoned before this suit was commenced, and before the term expired.

The only error assigned is, that the court erred in its conclusions of law.

There is no dispute, therefore, but that the facts are correctly found.

Some of the sales were made while the tax law of 1872 was in force, and the claim is made that the right of action is barred under the provisions of section 250 of that act, which required actions for the recovery of real estate sold for taxes to be brought within five years from the time sales were made.

There are several reasons why this section is not available in the present case:

1. Because this is not an action for the recovery of real

property, but simply an action to establish the plaintiff's right to redeem and to quiet his title to the land in question. It has been repeatedly held that the section has no application to an action such as that above stated. *Farrar* v. *Clark*, 85 Ind. 449; *Bowen* v. *Striker*, 87 Ind. 317; *Gabe* v. *Root*, 93 Ind. 256.

2. It does not appear from the facts found whether the land in dispute was unoccupied by the owner of the original title or not, nor that it was actually occupied by the tax purchaser, or that the latter had a tax deed of record which was not void upon its face.

If the land was actually occupied by the owners of the original title, the statute relied on would have no application as against them. It can apply only in case the tax purchaser actually occupies the land, or where he has the constructive possession under a duly recorded deed, not void upon its face. Since the special finding is silent as to whether the land was occupied or not, or whether the tax deeds were fair upon their face, it can not be presumed, as against the owner of the original title, that the tax purchaser either had the actual or constructive possession. *Gunnison* v. *Hoehne*, 18 Wis. 268; *Lawrence* v. *Kenney*, 32 Wis. 281; *Rogers* v. *Johnson*, 67 Pa. St. 43.; *Johnston* v. *Jackson*, 70 Pa. St. 164; Cooley Taxation, 376, 383.

There was no finding that the necessary steps had been taken so as to make the tax sales valid, or that the deeds appeared to be *prima facie* valid. We must assume, therefore, in favor of the ruling below, as against the purchaser, upon whom the burden of proof in that regard rested, that the sales were invalid, and that the invalidity appeared on the face of the deeds. *Locke* v. *Catlett*, 96 Ind. 291; *Bowen* v. *Striker, supra; Steeple* v. *Downing*, 60 Ind. 478; *Smith* v. *Kyler*, 74 Ind. 575.

The appellant insists that his defence was made out under the fifteen years' statute of limitations. This position is wholly untenable for the reasons already given, and for the

Kraus *v.* Montgomery.

further reason that the special findings fail to show that he had either actual or constructive possession of the land for the period of fifteen years prior to the commencement of the action. No deed of any kind was made until 1874, and the action was commenced in 1885.

Lastly, it is argued that the judgment must be reversed because the plaintiff tendered and brought into court some fifty dollars less than the amount found to be due. Without determining the disputed question, as to whether or not the court adopted the correct theory in computing the amount due for taxes, penalties, interest, etc., our conclusion is, that in a case like this, where the amount due is uncertain, or depends upon different and doubtful constructions of law, it is only necessary that the party in default shall tender and bring into court the amount admitted, or which he in good faith believes to be due. *Morrison* v. *Jacoby, ante,* p. 84. A party who shows himself willing to do equity will not be turned out of a court of equity, which has the power to mould its decree and impose the terms upon which it will grant relief, merely because he has made a mistake or misconstrued the law.

The judgment is affirmed, with costs.

NOTE.—The death of the appellee having been suggested, it is ordered that the judgment of affirmance be entered as at the May term, 1886, that being the term at which the submission was made.

Filed March 21, 1888.