## GORMLEY v. KIRKLAND.

[No. 3,926.   Filed November 1, 1901.   Rehearing denied June 25, 1902.]

NEW TRIAL AS OF RIGHT.—*Tax Sale.*—*Action to Redeem.*—In an action to redeem from a void tax sale, the defendant is not entitled to a new trial as of right.

From Martin Circuit Court; *H. Q. Haughton*, Judge.

Action by James J. Kirkland against Thomas Gormley to redeem real estate from a tax sale.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*C. B. Rogers, J. T. Rogers, D. J. Hefron* and *C. Harrington*, for appellant.

*J. B. Marshall* and *H. McCormick*, for appellee.

PER CURIAM.—The conclusion reached by the trial court, as disclosed by the record, is eminently correct, and the judgment is affirmed.

## ON PETITION FOR REHEARING.

WILEY, J.—The judgment in this case was affirmed *per curiam* without an opinion.   Appellant has filed a petition for a rehearing.   The complaint was cast in two paragraphs, and issues were joined by answers and reply.   The cause was tried by the court, and upon request the court made a special finding of facts and stated conclusions of law thereon.   The special finding of facts show that they were made and rest upon the first paragraph of complaint. By that paragraph the appellee set up facts which showed that a tax sale of real estate was void for certain irregularities, and that he was entitled to redeem therefrom.   The

question of title was not raised by this paragraph of complaint, nor does the judgment and decree settle the question of title. Upon the facts found under the first paragraph of complaint the court concluded, as a matter of law, that appellee was entitled to redeem from the tax sale, and judgment followed accordingly. The third paragraph of appellant's answer pleaded the fifteen years' statute of limitation, and the fourth the twenty years' statute of limitation.

The reasons assigned in the petition for a rehearing are: (1) Error in holding that the fifteen years' statute of limitation did not apply; (2) error in holding that the twenty years' statute of limitation did not apply; and (3) error in holding that appellant was not entitled to a new trial as of right. Under the facts specially found, we are clearly of the opinion that the conclusion of the trial court was correct, and that substantial justice was done.

The appellant had not been in peaceable and adverse possession of the real estate in controversy twenty years when this action was commenced. See *Kraus* v. *Montgomery,* 114 Ind. 103.

This case not being an action to quiet title, but an action to redeem from a void tax sale, appellant was not entitled to a new trial as of right. In support of this proposition we cite the following cases: *Kraus* v. *Montgomery, supra; Taylor* v. *Calvert,* 138 Ind. 67; *Bennett* v. *Closson,* 138 Ind. 542; *Richwine* v. *Presbyterian Church,* 135 Ind. 80; *Roeder* v. *Keller,* 135 Ind. 692; *Davis* v. *Cleveland, etc., R. Co.,* 140 Ind. 468; *Midland R. Co.* v. *Galey,* 141 Ind. 483; *Nutter* v. *Hendricks,* 150 Ind. 605; *Atkinson* v. *Williams,* 151 Ind. 431; *Brown* v. *Graham,* 28 Ind. App. 59.

Petition for a rehearing overruled.