W. T. DEES, H. F. DEXTER, F. F. MELTON, U. POTTS, D. G. MALLOY, J. H. MALLOY, G. C. HUGHES, HENRY C. LEONARD, TRUSTEE, AND INTERSTATE LUMBER COMPANY, A CORPORATION, *Appellants*, v. THOMAS M. SMITH, PEARL S. SMITH AND SUSIE S. JACKSON, *Appellees*.

1. Where the statute only requires the title of the cause to be endorsed on the copy of the subpoena served, it is not essential that the names of all the parties be endorsed thereon,

but the endorsement of the names of some of the parties followed by the words et al., will be a sufficient compliance with the statute.

2. Where the face of a bill in chancery shows a case barred by the statute of limitations, and no circumstances are stated which take the case out of the operation of the act, the defendant may take advantage of it by demurrer.

3. The time when a suit was instituted may be shown by the file marks on the bill of complaint in determining, upon a demurrer thereto, whether the statute of limitation has run.

4. The subsequent statute, Chapter 4322, Acts of 1895, was a revision of the whole subject matter of the former statute, Chap 3681, Acts of 1887, and was intended as a substitute there for and to prescribe the only rule which should govern the case provided for.

5. The limitation of four years as provided by section 64, Chapter 4322, acts of 1895, only applies when the purchaser of land at a tax sale goes in to actual possession of such land, and only bars a suit brought by the former owner or claiment for the recovery of the possession of such land so sold for taxes. The limitation created by this statute does not apply to an equitable suit to remove a cloud.

This case was decided by Division B.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Davis & Sandford,* for appellants;

*Hendry & McKinnon,* for appellees.

PARKHILL, J.—The bill is one to remove a cloud upon title to land situated in Taylor county, and was filed on the 26th day of July, 1906, by the appellees, who will be called the complainants, against the appellants, who will be referred to as the defendants elsewhere in this opinion.

The defendants appeared specially and moved the court to quash the subpœna, the service thereof and the return thereon, because the title of the cause was not endorsed on the copy of the subpoena served on the defendants. The title of the cause, as endorsed on the copy of the subpoena, appears as follows· Thomas M. Smith et al.. vs. D. G. Malloy, J. H. Malloy et al. . It is contended that the names of all the parties should be endorsed on the copy of the subpoena served.

In Saddler v. Smith, decided at the last term, we held that the statute only requires the *title* of the cause to be endorsed on the copy served, and that the words et al. may be used in endorsing the title of the cause on the copy of the subpoena. The motion to quash the service was properly overruled.

The defendants demurred to the bill. The court overruled the demurrer and the defendants appealed. The only ground of demurrer argued here is, "because it is shown by the bill that the statute of limitations has run against complainants."

The bill seeks to remove as clouds upon complainants' title certain tax deeds made by John C. Calhoun, clerk of Taylor county, in 1897 and 1899. The bill alleges the land so conveyed to be wild, unimproved and unoccupied. It is contended that, as the bill was filed on the 26th day of July, 1906, more than four years after the date of the deeds, this suit is barred by the operation of the statute of limitations, section 400 of the revised statutes of 1892.

The rule is that where the face of a bill in chancery shows a case barred by the statute of limitations, and no circumstances are stated which take the case out of the operation of the act, the defendant may take advantage of it by demurrer. City of Apalachicola v. Apalachicola Land Company, 9 Fla. 340. The contention by appellees that the time when this suit was instituted, as shown by

the file marks on the bill, does not appear on the face of the bill, and cannot be considered in determining whether the statute has run is untenable.   Whaley v. Wilson, 112 Ala. 627, 20 South. Rep. 922.

Section 400, revised statutes of 1892, which was section 60 of chapter 3681, Acts of 1887, provides:   "No suit or proceeding shall be commenced by a former owner or claimant, his heirs or assigns. or his or their legal representatives, to set aside any deed made in pursuance of any sale of land for taxes, or against the grantee in such deed, his heirs or assigns, or legal representatives, to recover. the possession of said lands, unless such suit or proceedings be commenced within four years after date of such sale * * *"   The title of chapter 3681, acts of 1887, is, "An Act for the Assessment and Collection of Revenue."

Chapter 4322, Acts of 1895, is entitled "An Act for the Assessment and Collection of Revenue;" and section 64 thereof provides:   "When the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by the former owner or claimant, his heirs or assigns, or his or their legal representatives for the recovery of the possession of such land, unless such suit be commenced within four years after the purchaser at such sale goes into the possession of the land so bought.   * * * *" Section 69 of this chapter repeals all laws and parts of laws in conflict therewith.

Chapter 4322, Acts of 1895, was in force when the property involved here was sold for the non-payment of taxes, and the tax deeds were executed in pursuance of said sale.

We think the statute of limitations which governs this case is section 64 of chapter 4322, acts of 1895, instead of section 400 of revised statutes of 1892, which was sec-

tion 60 of chapter 3681, acts of 1887  The subsequent statute of 1895, was a revision of the whole subject-matter of the former statute of 1887 and chapter 1, title VI of revised statutes of 1892, and was evidently, intended as a substitute for them, and to prescribe the only rule which should govern the case provided for.

In Jernigan v. Holden, 34 Fla. 530, 16 South. Rep. 412, this court said: "Where there is a revision by a later statute, the latter being intended as a substitute for the former, there need be no express words of repeal; neither is it required that the latter statute shall be so repugnant to the former that both cannot stand and be construed together. The revision in itself operates as a repeal." See, also, Prowell v. State, 142 Ala. 80, 39 South. Rep. 164.

The limitation of four years provided for by section 64, chapter 4322, acts of 1895, only applies "when the purchaser of land at a tax sale goes into *actual possession of such land.*" The record in this case shows that the purchasers of the lands involved here have never gone into the actual possession of the land. Again, the limitation of four years only bars a suit brought by the former owner or claimant, his heirs, etc., for the *recovery* of the *possession* of such land so sold for taxes. This is not a suit for the recovery of the possession of land sold for taxes, but a suit to remove a cloud upon the title of the land. The limitation created by this statute does not apply to an equitable suit to remove a cloud. 27 Am. & Eng. Ency. Law (2nd ed.) 986; Brennan v. City of Buffalo, 13 N. Y. App. Div. 453; Farrar v. Clarke, 85 Ind. 449; Gabe v. Root, 93 Ind. 256; Kraus v. Mont-

gomery, 114 Ind. 103, 16 N. E. Rep. 153. The demurrer was properly overruled.

Finding no error the judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.