UNION BUILDING LOAN FUND AND SAVINGS ASSO-
CIATION v. BLOCK.

[No. 10,498.    Filed June 16, 1920.]

1.  TAXATION.—*Vacation of Tax Deed.*—*Complaint.*—*Sufficiency.*
    —*Averment of Tender.*—In an action to have a tax deed de-
    clared void, plaintiff's allegations of tender of the full amount
    due *held* sufficient as against demurrer.  p. 410.

2.  TAXATION.—*Vacation of Tax Deed.*—*Tender of Taxes Paid to
    President of Incorporated Association.*—*Sufficiency.*—In a pro-
    ceeding against an incorporated association to have a tax deed
    held by it vacated, plaintiff was not required to tender the
    amount of taxes paid to the board of directors of the company,
    a tender to its president being sufficient.  p. 411.

3.  TAXATION.—*Vacation of Tax Deed.*—*Tender of Taxes Paid.*—
    *Sufficiency.*—*Uncertainty as to Amount Due.*—In a proceedings
    to vacate a tax deed, where the amount due the holder of the
    deed is uncertain, or depends upon different or doubtful con-
    structions of the law, it is only necessary that the party in
    default shall tender and bring into court the amount admitted,
    or which he in good faith believes to be due.  p. 411.

4.  TAXATION.—*Vacation of Tax Deed.*—*Tender of Taxes Paid.*—
    *Insufficient Tender.*—*When Immaterial.*—In an action to·
    vacate a tax deed, where plaintiff made a tender of the amount
    due defendant holder of the deed and deposited it in court,
    which tender defendant alleged was insufficient, any insuffi-
    ciency was immaterial, where it appeared that even if the cor-
    rect amount had been tendered, defendant would not have ac-
    cepted it.  p. 411.

5.  APPEAL.—*Questions Reviewable.*—*Limitations of Action.*—
    *Failure to Plead Statute.*—Where defendant failed to plead the
    statute of limitations, he cannot on appeal complain that the
    action was not commenced in time.  p. 412.

From Dearborn Circuit Court; *Warren N. Hauck,*
Judge.

Action by Richard Block against the Union Building
Loan Fund and Savings Association.    From a judgment
for plaintiff, the defendant appeals.    *Affirmed.*

*McMullen & McMullen,* for appellant.

*L. E. Davies* and *Martin J. Givan,* for appellee.

NICHOLS, J.—It is averred in the complaint that appellee was the owner of an undivided two-thirds of certain real estate in the city of Aurora, Dearborn county, Indiana, which was listed for taxes in said county and state in the years 1914 and 1915, and assessed in the name of Anna M. Block, deceased mother of appellee. On February 8, 1915, the city treasurer sold said real estate to one Cassius McMullen for $40.32, delinquent taxes thereon, including penalties and costs. Subsequently to such tax sale, said McMullen assigned and transferred his interest in said real estate to appellant. On February 15, 1917, the city clerk executed and delivered to appellant a tax deed for said real estate. Thereafter appellant paid city, county and state taxes upon said real estate. At the time that said real estate was assessed for the taxes aforesaid, and when such taxes were returned delinquent, and when said real estate was sold at tax sale as aforesaid, appellee was a minor under the age of twenty-one years. He became twenty-one on November 10, 1915. On November 7, 1917, and within two years after the expiration of his legal disability, he tendered to the city treasurer of Aurora and also to appellant $125 in payment of said taxes, penalty, interest and costs, such sum so tendered being more than the full amount then due. The respective tenders were declined by each of the parties to whom the same were made. Appellee has at all times since been ready and willing to pay the amount of such delinquent taxes, costs and penalties, and at the commencement of this action brought the same into court and deposited it with the clerk for the use of appellant. There was a prayer that the tax deed be vacated and declared void as against the right of appellee in said real estate, and for all proper relief.

There was a demurrer with memorandum to this complaint for want of facts to the effect that the tender was

not made to the proper party or parties, that it was not shown that this was all the taxes that had been paid by the appellant, and that it was not shown that the tender included all amounts due appellant on account of taxes paid.

The complaint shows that the semiannual installments of taxes were paid by appellant for the years succeeding the tax sale, and that the amount

1.  tendered by appellee was more than the full amount then due.   It does not say that appellants paid no more, but we may readily presume that these installments covered all payments, and, supporting our presumption, it was afterward admitted that no more was paid.   The tender was made not only to the city treasurer, but to appellant as well, and, as the action is to vacate and void the tax deed, the averment of tender to appellant was sufficient.   The demurrer to the complaint was properly overruled.

There was an answer in general denial.   The cause was submitted to the court for trial, and a finding and judgment in favor of appellee.

Appellant's motion for a new trial was overruled. The grounds of such motion which are properly presented are that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law, together with a number of objections to the admissibility of evidence, and to permitting additional evidence to be introduced after the cause had been submitted to the court for decision.

It appears by the evidence and by the agreed statement of the parties that Anna M. Block died intestate May 11, 1917, leaving her husband, Richard Block, and appellee as her only heirs at law; that said husband executed a mortgage in the sum of $1,600 upon his undivided interest in said real estate to appellant; that afterward said husband died.   The real estate was, on

February 8, 1915, sold to Cassius McMullen for delinquent taxes in the sum of $40.32 for the years 1914 and 1915, including penalties and costs. The real estate was assessed in the name of said Anna M. Block. The purchaser assigned his certificate to appellant and, on February 15, 1917, the city treasurer delivered a deed to appellant, who subsequently paid the taxes on said real estate in the amount of $65.96. On November 7, 1917, appellee tendered to the city treasurer and also to appellant the sum of $125 in payment of taxes, penalties, interest and costs, which tender was declined by each of said parties.

It is contended by appellant that it does not appear that the proper tender was made and that the tender was large enough. It appears that the tender

2. was made to the president of the appellant company. It was not necessary, as contended by appellant, that the tender should be made to the board of directors. Appellee was not required to watch his opportunity to find the board of directors in session in order that he might make a tender to such board. Such a rule of law would enable appellant to defeat the tender entirely by preventing the session of its board of directors. There was some confusion evidently in the mind of appellee as to the correct amount that should be tendered, it first appearing that the tender was made of $50.90, next a tender of $96.46, which was afterward supplemented by an amount sufficient to make $125. Where the amount due is uncertain, or depends upon different or doubtful constructions of law, it is

3. only necessary that the party in default shall tender and bring into court the amount admitted, or which he in good faith believes to be due. *Kraus* v. *Montgomery* (1888), 114 Ind. 103, 16 N. E. 153.

4. Even if it were admitted that the tender made by appellee was not a sufficient tender, still, as

appellant was in court contesting the title, it is clear that, even though the correct amount has been tendered and it had been paid into court, appellant would not have accepted; in fact, its president so testified. This being the case, appellant ought not therefore to complain, for it was not harmed. Its rights are fully protected by the decree of the court. See *Skelton* v. *Sharp* (1903), 161 Ind. 383, 67 N. E. 535. It is next objected that the action was not commenced in time. Appellant says that appellee introduced the date of the filing of his complaint and stopped; but it clearly appears by the evidence that appellee was twenty-one years of age on November 10, 1915, and his complaint was filed November 7, 1917, which was within time. Even if it were not, appellant may not now complain, for the statute of limitations was not pleaded. A number of technical errors are presented with reference to the admissibility of evidence and also with reference to the court hearing some evidence after the trial had closed concerning the issue of summons, but the equities of this case are so clearly with the appellee that we do not deem it necessary to discuss these alleged errors. Counsel for appellant has seen fit to refer to the trial in the court below as an outlandish procedure, and as a tragedy. It appears by the evidence that the property for which appellant holds a tax deed was of the value of $2,500, which would make appellee's interest therein of the value of $1,666. To this interest appellant had no claim whatever, except by the tax deed which it held for taxes, penalties, and costs that it had paid, which amount by the court's finding was less than $125, and which it was entitled to recover.

With these facts before us, it is so apparent that a correct result was reached that it would require a grievous error indeed to induce a reversal. The judgment is affirmed.