## ALEXANDER v. SULLY.

1. **Tax Sale: TENANT IN COMMON.** If a tenant in common is not in possession, and his title, therefore, does not of itself amount to an ouster and eviction, his co-tenant may strengthen his title by the purchase of a title acquired under a tax sale, and such purchase will not enure to the benefit of the tenant claiming exclusively under the patent title.

*Appeal from Union Circuit Court.*

THURSDAY, DECEMBER 12.

ACTION to quiet title to real estate. Hugh and Thomas Alexander were at one time the owners of the real estate in controversy. The plaintiff is the widow of Hugh Alexander, who died in 1857. A dower interest in the real estate accrued to her on the death of her husband. The county treasurer, in pursuance of a tax sale, conveyed the premises to Albert Evans, and he to the plaintiff. The defendant claims title to the undivided one-half of the lands, through conveyance from Thomas Alexander. The circuit court found for the plaintiff, and rendered a decree quieting the title in her. The defendant appeals.

*Rowell & Milligan*, for appellant.

*McDill & Sullivan*, for appellee.

Seevers, J.—No objection is made to the validity of the tax deed under which the plaintiff claims; but it is urged at the time she obtained title thereunder she was a tenant in common or joint owner of the prem- ises with the defendant, or those under whom he claims, and that her purchase of the superior title enured to the benefit of the defendant upon his paying his *pro rata* share of what it cost.

1. TAX sale: tenant in common.

It does not appear when the tax sale took place, but Evans obtained title in July, 1871, and in September, 1873, he con- veyed to the plaintiff. Thomas Alexander conveyed to Dosh in June, 1871, he to Burson, and the latter to the defendant in December, 1873.

It has been held that a tenant in common or joint owner cannot, by a purchase at a tax sale and a conveyance there- under, oust his co-tenant, but that such purchase is presumed to have been made for the benefit of both. *Weare v. Van Meter*, 42 Iowa, 128 ; *Fallon v. Chidester*, 46 Iowa, 588.

The question for determination in the case at bar is mate- rially different from this. Here the superior title was vested in a stranger, and had been for two years, and the question is whether one of the former joint owners can purchase such title for his own exclusive benefit, or whether, when the tax title accrued and became vested in Evans, the joint owner- ship previously existing was not thereby dissolved. That such would be the case is intimated, if not decided, in *Page v. Webster*, 8 Mich., 263.

The chancellor concedes, in *Van Horne v. Fonda*, 5 John. Ch., 388, that cases may exist where one tenant in common may purchase in an outstanding title for his own exclusive benefit; and the true rule seems to be, as there announced, that where the tenants or owners are in possession under an imperfect title one cannot purchase an outstanding title and appropriate the whole to himself and thus oust the other. See, also, *Venable v. Beauchamp*, 3 Dana, 321. But this prin-

ciple does not extend to a tenant in common after eviction. *Coleman v. Coleman*, 3 Dana, 398.

It is not affirmatively shown in the present case that either of the joint owners were in possession at the time Evans obtained the tax title, or at the time that plaintiff purchased of him.   On the contrary, we think, it is fairly to be inferred from the record that neither of them was in possession at the times aforesaid.

If the superior title did not in and of itself amount to an ouster and eviction, we think the principle, under the circumstances, must be the same as if it did have that effect.

As neither of the joint owners was in possession, the outstanding title was not purchased to protect the possession or any other right either of the former joint owners then had.

Whatever title they previously had was merged in the superior title, and either could purchase for his own exclusive benefit as well as a stranger to the previous title could.

AFFIRMED.