## SHELL v. WALKER ET AL.

1. **Tax Deed**: TENANTS IN COMMON. Evidence considered under which it was held that the plaintiff entered into possession of land as a tenant in common with others, and that a tax deed acquired by him to the whole tract, while so in possesion, was void as against his co-tenants.

*Appeal from Wayne District Court.*

### FRIDAY, SEPTEMBER 24.

ACTION to determine the title to real estate. The plaintiff claims under certain tax deeds and adverse possession. The defendants claim under the heirs at law of one Ray, and as such claim to own certain undivided parts of the premises, and that plaintiff entered into possession thereof as a tenant in common with them, or those under whom they claim.

The court dismissed the petition, or so much thereof as set up title to the whole of said premises, but adjudged that the plaintiff was entitled to the undivided one-eighteenth part thereof, and the defendants to the residue. From this judgment the plaintiff appeals.

*Jno. Hayes*, for appellant.

*Tedford & Miles*, for appellees.

SEEVERS, J.—The evidence bearing upon the question of title and adverse possession is comparatively brief. We find the facts to be that one William or William G. Ray purchased the real estate in controvery of the United States, and the legal title was vested in him. He died previous to 1865, without issue, and some of the defendants are his heirs at law, and others have purchased from and claim under certain other heirs of said Ray. Without referring to the evidence, it is deemed sufficient to say that the defendants have shown themselves to be entitled to the portion of said premises adjudged by the court to belong to them unless the plaintiff has established a better title thereto.

In 1865, one Jno. Ray purchased the interest of William G. Gallagher, who was one of the heirs of said William G. Ray, and said Gallagher conveyed to said John Ray, "all his undivided interest" in the premises in controversy. In the same year John Ray proposed to sell his interest to the plaintiff. No binding contract was then made; neither of the parties had seen the land, and both were then in the state of Illinois.

The plaintiff came west and looked at the premises and entered into possession, as he claims, under a parol contract to purchase, made with John Ray. He then had in his possession the deed executed by Gallagher, and knew that John Ray only claimed to own an undivided interest, and he knew that John Ray only proposed to sell such interest. The evidence of the plaintiff satisfies us what has been stated is true. About the extent of the interest of John Ray, or what he said and represented in relation thereto, there is some doubt. But as to the pivotal question, that the plaintiff did not purchase or contract for the whole, there is no doubt.

It is equally clear that he went into possession well knowing that the legal heirs of William G. Ray were entitled to all of the premises not sold him by John Ray. It is true he did not know who said heirs were, but this is immaterial. In 1869, John Ray quit-claimed all his interest in the prem-

ises to the plaintiff. Although in possession, as aforesaid, the plaintiff did not pay the taxes for the year 1866, and in 1867 he purchased the real estate in controversy at tax sale, and in 1870 the premises were duly conveyed to him by the county treasurer.

The plaintiff in his evidence says he made the purchase at tax sale in order to "strengthen his title." We think when the plaintiff took possession in 1865, under the oral contract with John Ray, he became a tenant in common with the heirs at law of William G. Ray; and it has been held that a tenant in common cannot by a purchase at tax sale cut . off the interest of his co-tenants. His purchase is presumed to be made for the benefit of all. *Weare v. Van Meter*, 42 Iowa, 128; *Fallon v. Chidester*, 46 Iowa, 588. The plaintiff having entered into possession as a tenant in common, such a tenancy is presumed to have continued until he has done some act which amounts to an eviction of his co-tenants.

Whether the purchase at the tax sale and a conveyance there made, under the circumstances of this case, would amount to an eviction, we are not required to determine. See, however, *Alexander v. Sully*, 50 Iowa, 192.

Conceding it did amount to an eviction, the purchase at the sale did not culminate into an adverse title until 1870. This action was commenced in 1877, and in 1878 the defendants in their answer asserted their title and asked affirmative relief in relation thereto. It cannot, therefore, be said the plaintiff has had adverse possession for the period of ten years, for previous to 1876 his possession was not adverse. It is true he was in possession of the whole, but not as owner or under any claim of right to anything more than an undivided interest in the premises in controversy.

AFFIRMED.