### No. 8138.

### BENDER v. STEWART.

REAL ESTATE.—*Tenants in Common.*—*Rents and Profits.*—*Tax Title.*— *Statute of Limitation.*—*Adverse Possession.*—Where one tenant in common applied the rents and profits of the common property to the purchase of an outstanding tax certificate, and on such certificate procured a deed to himself, and by such deed claimed to be the owner of the in-

terest of his co-tenant, or to have such color of title that he could invoke the protection of the statute of limitations applicable to tax sales, a demurrer to a paragraph of answer, pleading such statute, was correctly sustained.

SAME.—In such case, no adverse title was procured, but the purchase must be deemed to have been made for the benefit of both.

SAME.—*Partition.*—*Evidence.*—On trial of an action for partition, in such case, an answer that the plaintiff's claim of title was by deed, executed while the defendant was in adverse possession under a tax deed, is not sustained by evidence, that when plaintiff received his deed the premises were vacant, apparently not in possession of any one, the fences were down, the house vacant and doorless, and the defendant had removed from the State.

SAME.—*Tax Sale of Real Estate of Owners of Personal Property.*—Where, on the trial of such action, there was no recital in the tax deed, nor proof *aliunde*, that the owners of the land had not sufficient personal property to satisfy the taxes for which the land was sold, a good adverse title was not shown in the purchasing tenant.

From the Spencer Circuit Court.

*G. L. Reinhard* and *I. S. Moore*, for appellant.

*C. L. Wedding*, for appellee.

NEWCOMB, C.—This was an action for the partition of real estate, in which the appellee was plaintiff and the appellant was defendant. The complaint alleged that the plaintiff and defendant were tenants in common, in equal portions, of the real estate described; that the defendant, on the 28th day of February, 1873, purchased a tax certificate of the sale of said land for delinquent taxes, had February 7th, 1870; that at the time defendant purchased said certificate he had in his hands money for the rents and profits derived from said lands with which to pay said taxes, and all subsequent taxes, and that said land had been in the possession and use of the defendant for six years prior to the commencement of the action. Prayer for partition, for an accounting of rents and profits, and that the tax-title purchase should be set aside, and for all proper relief.

The defendant answered by a general denial, and two affirmative defences.

The second paragraph averred that on February 28th, 1873, the defendant received from the auditor of Spencer county a tax deed for said land; that he entered into possession under said deed, claiming title to the whole of said land by virtue thereof, and had held such possession continuously up to the commencement of said action; that the plaintiff's only claim of title was by a deed executed to him by one Elijah Wilson; and that, at the time of the execution of said last named deed, defendant was in the adverse and actual possession of said land under said tax deed; wherefore the deed of said Wilson was champertous and void.

The third paragraph alleged that the defendant was the owner in fee simple of the land in controversy, and in the actual possession thereof; that he held the same under a tax-title deed executed to him by the auditor of Spencer county, on February 28th, 1873; that the plaintiff's object in bringing suit was to set aside said tax title, and have the same declared void, and to redeem said land; and that the plaintiff's cause of action did not accrue within five years before the commencement of the action.

A demurrer was sustained to the third paragraph of the answer, a reply in denial was filed to the second, and the cause was submitted to the court for trial. There was a finding for the plaintiff, followed by a judgment setting aside the tax deed, and for a sale of the land, it being admitted by the parties that it could not be divided without injury; and declaring a lien in favor of the defendant for $25, on account of taxes paid by him.

The appellant assigns for error the ruling of the circuit court in sustaining the demurrer to the third paragraph of his answer, and the overruling of his motion for a new trial.

We think there was no error in sustaining said demurrer. The complaint averred that when the defendant purchased the tax certificate, he had in his hands, of the rents and profits of the premises, more than enough money to pay

Bender *v.* Stewart.

therefor. This averment was not controverted or noticed in. the third paragraph of the answer, and was therefore admit-- ted. The case so made by the complaint and answer was. this : One tenant in common applied the rents and profits. of the common property to the purchase of an outstanding. tax certificate, and on such certificate procured a deed to. himself, and by such deed claimed to be the owner of the. interest of his co-tenant, or at least to have such color of: title that he could invoke the protection of the statute of limitations applicable to tax sales. It is clear that no ad-- verse title could be procured in this manner. If the pur-- chase was made, as charged, with joint funds, the defend-- ant occupied such a trust relation to his co-tenant that the. purchase must be deemed to have been made for the benefit. of both. *Van Horne* v. *Fonda*, 5 Johns. Ch. 388 ; *Rothwell.* v. *Dewees*, 2 Black, 613 ; *Frentz* v. *Klotsch*, 28 Wis. 312.

A tenant in common in possession, or in the enjoyment of the rents and profits, can not, by permitting the lands to become delinquent, acquire his co-tenant's title by purchasing the same at a tax sale. Such purchase amounts only to a payment of the tax, or to a redemption from the sale if the, tax certificate is purchased from a stranger. *Chickering* v. *Faile*, 38 Ill. 342 ; *McConnel* v. *Konepel*, 46 Ill. 519 ; *Page.* v. *Webster*, 8 Mich. 263 ; *Dubois* v. *Campau*, 24 Mich. 360 ;. *Lacey* v.*Davis*, 4 Mich. 140 ; *Butler* v. *Porter*, 13 Mich. 292 ;. *Brown* v. *Hogle*, 30 Ill. 119 ; *Lloyd* v. *Lynch*, 28 Pa. St. 419 ;. *Maul* v. *Rider*, 51 Pa. St. 377 ; *Downer's Adm'rs* v. *Smith*,. 38 Vt. 464 ; Cooley Taxation, pp. 345–6–7. On the facts stated in the complaint, and not controverted by the answer demurred to, the defendant acquired neither title nor color of title by his purchase of the tax certificate, and the five- year statute of limitations was inapplicable.

The remaining question is, did the court err in overruling defendant's motion for a new trial? No questions of law were reserved at the trial, and the case is presented on the

evidence as set out in the bill of exceptions. The facts, as shown by the evidence, may be thus summarized : James M. and Elijah B. Wilson were tenants in common of the land in controversy. On February 17th, 1872, the appellant purchased, at sheriff's sale, the share of James M. Wilson, and on February 19th, 1873, received a sheriff's deed therefor. In 1870 the land was sold for delinquent taxes, and was purchased by August Hermes, who afterward, but at what time does not appear, assigned his certificate of purchase to the appellant, and the latter procured a tax deed thereon from the auditor of Spencer county, February 28th, 1873. Appellant took possession of the land in 1873, soon after the execution of said two deeds, and continued in the actual possession and occupancy thereof until the autumn of 1878, when he removed to the State of Kentucky. At all times, after so taking possession, the appellant asserted title to all the land under said tax deed. The appellee purchased the interest of Elijah B. Wilson in said land on January 19th, 1879, and this action was commenced March 13th, 1879.

When the appellant removed to Kentucky, he left the key of the house upon the premises, with his son-in-law, who lived about one mile distant, and requested him to take charge and oversight of the land ; but there was no evidence that he did so, and, in fact, when the appellee received his deed from Wilson, the premises were vacant, and there were no evidences of possession by any one. The fences were down in many places, and the house was vacant and doorless. There was not, therefore, such adverse possession as to vitiate the deed from Wilson to the appellee.

There was no evidence to sustain the allegation of the complaint, that the appellant had received means from the rents and profits of the land to purchase the tax certificate ; but, as the answer of the statute of limitations was out of the record, this could not avail him, unless the tax deed conveyed to him a good title without the aid of the statute. This it

did not do. Saying nothing of other apparent defects, there was no recital in the deed, nor proof *aliunde*, that the Wilsons had not sufficient personal property to satisfy the taxes for which the land was sold. *Ward* v. *Montgomery*, 57 Ind. 276; *Smith* v. *Kyler*, 74 Ind. 575. There are some cases which hold, and others which suggest, that where a tenant in common buys from a purchaser at a tax sale, after the time for redemption has expired, and there are no equitable circumstances making the purchaser a trustee for his co-tenant, or where the taxes, for which the land was sold, accrued before the ownership of the tenant, purchasing the tax-title, commenced, he may purchase for himself such title. *Lewis* v. *Robinson*, 10 Watts, 354; *Kirkpatrick* v. *Mathiot*, 4 Watts & S. 251; *Reinboth* v. *Zerbe Run Improvement Co.*, 29 Pa. St. 139; *Frentz* v. *Klotsch*, 28 Wis. 312; *Page* v. *Webster*, 8 Mich. 263; *Wright* v. *Sperry*, 21 Wis. 336. But we decide nothing on this point, as the record is not in a, shape to properly present the question.

We find no error in the proceedings of the court below, and its judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.