Filed May 15, 1889.

———————— ✦ ————————

No. 12,884.

ENGLISH v. POWELL ET AL.

REAL ESTATE.—*Tenants in Common.*—*Adverse Possession.*—*Ouster.*—Occupancy of the whole estate for twenty years, under color and claim of title, by one tenant in common, constitutes an ouster of his co-tenant and gives title to the whole.

SAME.—*Possession under Invalid Tax Deed.*—Possession of land under a deed given upon a sale for taxes is adverse, though the title under the deed may be invalid.

SAME.—*Purchase by Tenant in Common at Tax Sale.*—A tenant in common, in possession of the whole property, can not acquire his co-tenant's title by a purchase at a sale for taxes which he has permitted to go delinquent; but adverse possession under a tax deed for twenty years will give title.

SAME.—*Partition.*—*Rents and Profits.*—*Tax Sale.*—*Adverse Possession.*—To a complaint for partition and for an accounting for use and occupation, an answer alleging that the interest asserted by the plaintiff had been sold for taxes more than twenty years before the bringing of the suit, but failing to show that possession was taken under the sale and held for twenty years, is bad.

SAME.—*Land Sold for Taxes.*—*Action to Recover.*—*Limitation.*—Section 250, 1 R. S. 1876, p. 127, providing that no action for the recovery of real property sold for taxes shall be brought after five years from the date of the sale, has no application to a suit for partition or to recover for use and occupation and for damages for waste.

From the Boone Circuit Court.

*J. A. Abbott* and *I. M. Kelsey,* for appellant.

English *v.* Powell *et al.*

BERKSHIRE, J.—There are three paragraphs in the complaint. The first paragraph is an ordinary paragraph, alleging that the parties are tenants in common of the real estate described, and asking partition. The second paragraph alleges a tenancy in common of the real estate, use and occupation by the appellees, and demands an accounting and judgment for the one-fourth in value of the rents and profits during the time of occupation by the appellees. The third paragraph charges the appellees with having cut down and removed valuable timber from the real estate, and demands judgment for damages.

Demurrers were filed and overruled to the different paragraphs of complaint, and the proper exceptions were reserved.

Cross-errors have not been filed, nor is there any brief on file for the appellees. We are not, therefore, called upon to consider the sufficiency of the different paragraphs of the complaint, and decide nothing with reference to them, but, as bearing somewhat on the second paragraph, and possibly upon the third, we refer to *Crane* v. *Waggoner*, 27 Ind. 52, and *Humphries* v. *Davis*, 100 Ind. 369.

There are four paragraphs of answer in the record, numbered one, three, four and five. There was a second paragraph, which was withdrawn before the trial.

There are five errors assigned, but in their brief counsel for the appellant waive the first and second, leaving for our consideration the third, fourth and fifth. These are, in substance, as follows: 1. The court erred in overruling the demurrer to the fourth paragraph of the answer. 2. The court erred in overruling the demurrer to the fifth paragraph, and 3. The court erred in overruling the motion for a new trial.

The fourth paragraph of the answer alleges that, on the 6th day of May, 1857, one John M. Pritchard became the owner of the undivided three-fourths of the real estate in question; that, on the third day of January, 1859, the other undivided one-fourth of said real estate was sold by the au-

·ditor and treasurer of Boone county for the payment of delinquent taxes, and a certificate of purchase issued to one David A. Caldwell, who afterwards assigned the same to the said Pritchard, who, on the 12th day of January, 1861, received from the said auditor a deed for the said real estate so sold; that the said Pritchard had full and complete possession of said real estate from the 3d day of January, 1859, and from that time openly and notoriously asserted title and complete ownership, and received the entire rents and profits thereof until he conveyed the same, and that there has been a continued occupancy by the said Pritchard and those claiming under him, under claim of title, down to the date at which this action was brought.

That one tenant in common can oust his co-tenant and acquire title as against him by prescription, we have no doubt. Twenty years' occupancy, under color and claim of title to the whole estate, by one tenant in common, will give to the tenant so occupying title to the whole, as completely as though there had been no co-tenancy. Such an occupancy constitutes an ouster, and its continuance for twenty years gives title. Freeman Coten., sections 224, 242; *Nelson* v. *Davis*, 35 Ind. 474; *Dumont* v. *Dufore*, 27 Ind. 263; *Jenkins* v. *Dalton*, 27 Ind. 78; *Bowen* v. *Preston*, 48 Ind. 367; *Sanford* v. *Tucker*, 54 Ind. 219; *Nicholson* v. *Caress*, 76 Ind. 24.

Possession of land under a deed given upon a sale for taxes is adverse, though the title under the deed may be invalid. *Hearick* v. *Doe*, 4 Ind. 164; *Doe* v. *Hearick*, 14 Ind. 242. See *Sims* v. *Gay*, 109 Ind. 501, and *Wright* v. *Kleyla*, 104 Ind. 223.

One tenant in common can not, while in possession of the joint property and enjoying the rents and profits thereof, permit the same to go delinquent for non-payment of taxes and purchase it in at tax sale and thus acquire his co-tenant's title. *Bender* v. *Stewart*, 75 Ind. 88. But if the tenant in possession does permit the property to run delinquent, and purchases it at tax sale and afterwards procures a tax deed

and occupies and holds possession of the property under the deed for twenty years, claiming to be the exclusive owner thereof, he thereby acquires a complete and perfect title to the whole.

Under the act of 1852, which was in force when the tax sale named in the said paragraph of answer was made, the purchaser was entitled to the possession at the date of his certificate. 1 Gavin & Hord, 106, section 151.

As we have seen, the certificate was issued on the 3d day of January, 1859; the action was commenced on the 3d day of September, 1879; this is over twenty years, and if the paragraph of answer averred that John M. Pritchard, on that day or any day thereafter twenty years before the commencement of the action, obtained an assignment of the certificate, and, after obtaining the certificate, that he took possession of the said undivided one-fourth of said real estate under it and occupied the same thereafter for twenty years before the institution of this suit, we would be inclined to hold the paragraph good. But the infirmity in the paragraph is that it fails to aver when Pritchard became the owner of the certificate, and fails to aver that he ever held possession under it. It is true it is averred that Pritchard went into possession on the day the certificate was issued, but we can not infer that his possession was under the certificate, and especially so when it is not averred that he then held it. The occupancy, if not under the certificate, was under his title to the three-fourths of said real estate, and was not inconsistent with the ownership and title of his cotenant. The answer was bad, and the court below erred in overruling the demurrer thereto.

The fifth paragraph of answer rests upon section 250 of the act of the Legislature upon the subject of the assessment and collection of taxes, found in R. S. 1876, vol. 1, p. 127. This section provides that no action for the recovery of real property sold for the non-payment of taxes shall lie unless brought within five years after the date of

English *v.* Powell *et al.*

the sale. The action under consideration is not an action to recover the possession of real property, therefore this section of the statute is not applicable. *Farrar* v. *Clark*, 85, Ind. 449; *Bowen* v. *Striker*, 87 Ind. 317; *Gabe* v. *Root*, 93 Ind. 256. This paragraph of answer was also bad, and the action of the court in overruling the demurrer was erroneous.

The evidence was wholly insufficient to support the finding of the court. The land was wild land and was unoccupied until the year 1871. John M. Pritchard, in the year 1858, and after he acquired title to the undivided three-fourths of the land, lived in Johnson county, Indiana. He employed a man by the name of Evans to look after it and to see that it was not depredated upon, and Evans continued thus to look after it until the year 1871, when Pritchard sold and conveyed it. Evans' authority came at a time when Pritchard laid no claim to the one-fourth now in question, and it is not shown that any other or different authority was given him after Pritchard acquired the tax certificate or deed. It is clear that there was no such occupancy as constituted an ouster, and if there had been, the occupancy did not continue for twenty years before the institution of this suit.

Judgment reversed, with costs, with instructions to the court below to grant a new trial, and to sustain the demurrers to the fourth and fifth paragraphs of answer.

Filed May 15, 1889.