# BUTLER *v*. BUTLER.

[No. 9,206. Filed January 11, 1917.]

1. TENANCY IN COMMON.—*Tenant in Possession.—Liability for Rents.*—The possession of one tenant in common is the possession of all, and the tenant in possession is not required to pay rent unless he excludes his cotenant; but if he receives rent from a third person, he must account for it. p. 536.

2. TENANCY IN COMMON.—*Ouster of Cotenant.—Purchase of Land at Tax Sale.*—Where a tenant in possession purchases the land at a tax sale and takes a deed in his name, claiming at the time of the sale and subsequent to the execution of the tax deed that he is the owner, and is holding possession under such claim and deed, he is in legal contemplation claiming under a deed conveying the whole estate and will be deemed to have ousted his cotenant. p. 536.

3. TENANCY IN COMMON.—*Purchase of Property by Cotenant at Tax Sale.—Effect.*—Where one of several tenants in common of an estate purchases the common property at a tax sale, he cannot set up his title thus acquired against the common title, but the tax title enures to the common benefit of himself and his cotenants, although the common property is subject to the charge of the purchaser for the money expended at the tax sale. p. 537.

4. TENANCY IN COMMON.—*Purchase of Property by Cotenant at Tax Sale.—Reimbursement.—Rate of Interest.*—Where one of several tenants in common purchases the common property at a tax

sale, the title thus acquired enures to the common benefit of himself and his cotenants and the purchaser cannot profit by the transaction, so that the charge on the common property to which he is entitled for his purchase is limited to the amount paid at the sale and six per cent. interest thereon, §10393 Burns 1914, Acts 1901 p. 336, relating to principal and interest for tax liens, having no application in such a case. p. 537.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Cornelius C. Butler against Harlan H. Butler. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Albert Ward,* for appellant.
*Antrim & McClintic,* for appellee.

IBACH, J.—This was an action for partition and for an accounting for rents and profits in which the defendant set up, by way of counter-claim, certain claims for taxes and improvements. Defendant also, by way of cross-complaint, claims title to such property under a tax deed.

The correctness of the conclusions of law stated on the special finding of facts is the only question presented for review. The court finds the following facts: On January 31, 1889, the father of appellant and appellee deeded to them a forty-acre tract of land, for which they paid a cash consideration of $30 and assumed a school-fund mortgage for $350. The father, by a provision in the deed, retained control of the rents and profits of the land during his lifetime and also agreed to pay the taxes during such time. It was agreed between appellant and appellee that the one in possession of the land should make needed and valuable improvements thereon, and that the cost should be considered and allowed to the one making them in the final settlement or division by them of the real estate. The taxes became delinquent for the years 1896 and 1897 and, on February 14, 1898, the land was sold for taxes and purchased by appellant at such tax sale. The land was not redeemed and, on March 5, 1900, appellant received a tax deed for it,

which deed was recorded on the same day. At the time of the sale and afterward, and after the execution of the tax deed, appellant claimed and still claims to be the owner. of the real estate by virtue of said sale and deed and holds possession of the real estate by virtue of such deed and sale. The father died on July 4, 1904.

The court further finds: Appellant "has received all the rents and profits from said real estate since March 1, 1904, which were reasonably worth $160 per annum and which, with interest at the rate of 6 per cent. per annum from the date of the receipt of each year's rent aggregated (exclusive of the year 1913) $1,841.94 * * *." Appellant "made lasting and valuable improvements on said real estate. Paid the purchase money at said tax sale. Paid taxes and assessments which were liens on said real estate and on principal and interest on said mortgage, which amounts so paid, and the value of the improvements so made, together with interest at the rate of 6 per cent. per annum from the respective dates of payments and improvements and for which he should be reimbursed are as follows: Ditches, $275.95; Well and Clearing, $187.25; Fencing, $379.50; Flood gates, $34.24; Taxes, $599.08; Payments on mortgage, $401.64; and Ditch assessments, $24.28, in an aggregate amount of $1,899.94. * * *." Appellee "made payments on said improvements and on the principal and interest of said mortgage which, with interest at the rate of 6 per cent. per annum from the respective dates of such payments, aggregate $798.28 and has never been paid therefor. * * * Said real estate is not susceptible of division without damage to the interests of the respective owners of the same." Other facts are found by the court but they are not important here, as the above facts present the controlling questions in this appeal.

The court concludes as a matter of law that appellant and appellee are the owners in fee simple as tenants in common in equal proportions of said real estate; that said real

estate should be sold and, after the payment of the costs of this action and the costs of such sale, the remainder of the proceeds should be distributed as follows: "To Harlan H. Butler (appellant) * * * $58; to Cornelius C. Butler (appellee) * * * $798.28; the remainder to be divided equally between Harlan H. Butler and Cornelius C. Butler." Judgment followed the conclusions of law.

Appellant contends that, as a cotenant in possession, he was not liable for the rents of the land in the absence of an agreement, unless he had excluded his cotenant or received rent from third persons; that the court did not find, either in substance or otherwise, to the effect that appellee ever demanded possession or that he was ever denied possession, that appellant ever received any rents from third parties, that there was any agreement between the parties as to such possession by appellant; and that there is no finding of adverse possession or ouster of appellee.

The principle seems well established in this state that the possession of one tenant in common is the possession of all, and the tenant in possession is not required to pay

1. rent unless he excludes his cotenant; but if he receives rent from a third person, he must account for it. *Geisendorff* v. *Cobbs* (1910), 47 Ind. App. 573, 94 N. E. 236.

When appellant purchased the land at the tax sale and took a deed in his name, claiming at the time of the sale and since the execution of the tax deed that he was

2. the owner, and at all times since its execution holding possession under such claim and deed, he was under the law claiming under a deed conveying the whole estate and will be deemed to have ousted his cotenant. *Nelson* v. *Davis* (1871), 35 Ind. 474, 483; *King* v. *Carmichael* (1893), 136 Ind. 20, 24, 35 N. E. 509, 43 Am. St. 303; *Wright* v. *Kleyla* (1885), 104 Ind. 223, 4 N. E. 16.

Appellant next insists that, inasmuch as the court found that he was entitled to credit for certain taxes paid, he

should have been allowed interest at the rate of twenty per cent. per annum instead of six per cent., as decreed by the court.

Where one of several tenants in common of an estate purchases the common property at a tax sale, he cannot set up his title thus acquired against the common title, but his tax title enures to the common benefit of himself and his cotenants; though in such a case the common property is subject to the charge of the purchaser at the tax sale for the money expended in such purchase. 38 Cyc 48, 49; *Harrison* v. *Harrison* (1878), 56 Miss. 174. "One tenant in common cannot, while in possession of the joint property and enjoying the rents and profits thereof, permit the same to go delinquent for non-payment of taxes and purchase it in at tax sale and thus acquire his cotenant's title." *English* v. *Powell* (1889), 119 Ind. 93, 95, 21 N. E. 458; *Bender* v. *Stewart* (1881), 75 Ind. 88. Appellant, having purchased the property at tax sale for the benefit of his cotenants, could not profit by such transaction. Therefore, this case is not controlled by §10393 Burns 1914, Acts 1901 p. 366, and the court did not err in fixing the rate of interest on the payments for taxes.

No available error having been pointed out, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 760. Tenancy in common: (a) right of a cotenant to buy common property at a judicial sale, 17 Ann. Cas. 1169, Ann. Cas. 1914A 1031, 38 Cyc 40-48, 116 Am. St. 367; (b) liability of tenant in possession to account to cotenant for rent and profits in the absence of express agreement, 18 Ann. Cas. 1082, 28 L. R. A. 829, 29 L. R. A. (N. S.) 224, 38 Cyc 63, 70.