HYDEN ET AL. *v.* ANDERSON.

[No. 10,473. Filed June 25, 1920.]

1. EVIDENCE.—*Pleadings Filed in Effort to Compromise.—Admissibility.*—Original and amended complaints, in an action to quiet title, which were prepared and filed pursuant to an effort to compromise the controversy, were properly excluded from evidence. p. 531.

2. QUIETING TITLE.—*Purchase Price of Property.—Evidence of Payment.—Deed by Husband and Wife.—Admissibility.*—In an

action to quiet title, a deed by husband and wife of property held by the entireties, the proceeds of sale of which they used in purchasing the property to which the wife as widow was seeking to quiet title, was properly admitted in evidence. p. 531.

3. TENANCY IN COMMON.—*Ouster by Cotenant.*—*Adverse Possession.*—Where a husband and wife, after selling land held by the entireties, used the proceeds in the purchase of other property, the title to which was taken in his name, although he assured his wife that their interests therein were equal, and after the death of the husband, who died intestate, the property was occupied by the widow, taxed in her name, and was understood by the children to belong to her, her possession under claim of title for more than thirty years was sufficient to give her title as against a deceased daughter's surviving husband and children, who never disputed her right until she sued to quiet title, even though they were legally tenants in common. p. 533.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by Matilda Anderson against Claurde Hyden and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*George R. Williams,* for appellants.

*E. D. Crumpacker* and *Owen L. Crumpacker,* for appellee.

NICHOLS, J.—The verdict and judgment in this case were for appellee, quieting her title to certain real estate, against appellants.

The error assigned for reversal is the action of the court in overruling appellants' motion for a new trial upon the grounds that the evidence is insufficient to sustain the verdict, that the verdict is contrary to law, that the court erred in giving and in refusing certain instructions, in admitting a certain deed executed by appellee and her husband to one Ambrose Sunberg in evidence over the objection of appellants, and in excluding appellee's original complaint and her amended complaint as evidence.

The last ground for a new trial presents no error of

the court. It appears from the evidence that the original complaint and the amended complaint which 1. were offered in evidence were filed pursuant to an effort of appellee and appellants to settle their controversy without litigation, and without court action further than was necessary to settle the legal title. Being prepared and filed pursuant to an effort to compromise, they were properly excluded. *Kinsey* v. *Grimes* (1844), 7 Blackf. 290; *Wilt* v. *Bird* (1844), 7 Blackf. 258.

From the evidence the following facts appear: Appellee was born in Sweden in the year 1852, and came to America when she was thirteen weeks old, 2. since which time she has lived in Porter county, Indiana. She was married to John Anderson in 1873, at which time she and her husband bought a home about five miles southwest of Old Porter, in said county, taking the title in both names. About six months after they sold this property and bought the real estate involved in this suit, paying $1,100, and using as a part of the purchase price proceeds of the sale of the first property which they held by entireties. The deed conveying this first property was the one that was read in evidence over appellant's objections. This was not error. The real estate purchased consisted of twenty-five acres, and had an old farmhouse on it. They built a new one which cost $900, of which amount appellee received $600 from her brother in Chicago as a present. At the time of the purchase appellee was sick, and at the time the deed was made when her husband came home she asked him if her name was in it, and he answered that there would be no trouble about that, the land was as much hers as his. The title, however, had been taken in his name. About two years after the house was built, the husband was killed while working in a brickyard. There had been six children born to the

union, all of whom were dead except William, nine years old, and Amanda, five. There was no property except the land involved, the household goods, two mules, a hog and a few chickens. The mother was at the time in poor health. With the assistance of her brothers she kept her children with her on the farm, sending them to school, and when they were out of school they helped her by their wages received for their work. It is apparent from the whole record that her burdens and responsibilities bore heavily upon her. Her son William died at about the age of thirty-two years, leaving her a life insurance policy in which she was named as beneficiary, and from which she received $960. The daughter was married when she was thirty years of age to appellant Claurde Hyden. At the time of her marriage she had an insurance policy in which her mother was named as beneficiary, but after her marriage it was changed so that her husband became beneficiary. As the issue of her marriage the daughter had two children, appellants Norval and Kenneth, the youngest being three years old. The daughter died four days after the birth of Kenneth, and in a year and five months thereafter, her husband, appellant Claurde Hyden, married again. She says of her children: "The children always treated me nice. They were good to me, both of them. They always called it mother's property." During all these years she believed the property to be hers, claimed it to be such, it was listed in her name for taxation, she paid the taxes, and kept it in repair. Both children understood that it was her property; the son wanted her to sell it and live on the proceeds; the daughter said that she was glad that her mother was independent and had a home of her own. When, finally, she had an abstract prepared for the purpose of selling the property, she was informed that she would need a

deed from appellants.    This was refused, and this action to quiet title resulted.

After giving birth to six children, she is a widow and childless at sixty-eight years of age, with her only two grandchildren, for whom she expresses a tender, affectionate regard, unconsciously joining with her former son-in-law to deprive her of half of her worldly possessions.    There is absolutely no equity in this appeal. Due respect for appellee as the mother of his deceased wife should have prompted the appellant, who is active in this appeal, to have permitted no action except such as was necessary to correct the legal title.    The heart of the jury was right, and we are pleased to say that the law sustains its verdict.

Appellant's possession under claim of title for more than thirty years was sufficient to give her title as against the daughter and appellants as her heirs, who never disputed her right until by defense in this action, even though they were tenants in common of the real estate involved.    *English* v. *Powell* (1889), 119 Ind. 93, 21 N. E. 458; *King* v. *Carmichael* (1893), 136 Ind. 20, 35 N. E. 509, 43 Am. St. 303; *Herff* v. *Griggs* (1890), 121 Ind. 471, 21 N. E. 279; *La Fountain* v. *Dee* (1896), 110 Mich. 347, 68 N. W. 220.    We deem it wholly unnecessary to discuss the question as to whether the husband, under the circumstances held the title as the trustee for himself and wife, as tenants by entireties.    The principle of adverse possession is sufficient to protect appellee.    Appellant vigorously attacks the court's action in giving and in refusing instructions, but we are unable to look through the facts of this case, and discover any error.

The judgment is affirmed.

McMahan, C. J., does not participate.