Common Pleas Court of Hamilton County.

MOSES WILSON, ET AL V. MORRIS SILVERMAN.

TAYLOR STIDHAM V. HOWARD BEESON, ET AL.

Decided October 30, 1933.

*Mallon, Vordenberg & Marble, Rosenbaum, Hauptman & Solinger,* for the respective plaintiffs.

*J. H. McCaslin, Merland, O'Meara, Santen & Willging,* and *R. Edward Tepe,* for defendants.

DARBY, J.

In these cases petitions were filed against non-resident motor vehicle owners, for injury to plaintiffs or their property, by reason of negligent operation of such motor vehicles in this state. Service by summons upon the defendants was sought to be made by reason of an act of the legislature passed February 21, 1933, effective ninety days thereafter.

Both petitions show that the wrongful acts of the defendants occurred prior to the passage of said act.

The act in question, so far as necessary for the consideration of this case provides as follows:

"Section 1. Any non-resident of this state, being the operator or owner of any motor vehicle who shall accept the privilege extended by the laws of this state to non-resident operators and owners, of operating a motor vehicle, or having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a non-resident or shall conceal his whereabouts, shall, by such acceptance or licensure as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of Ohio, his, her or their agent for the service of

process in any civil suit or proceeding instituted in the courts of the state of Ohio, against such operator or owner of such motor vehicle arising out of or by reason of any accident or collision occurring within the state, in which such motor vehicle is involved."

The principal question for consideration is as to whether or not this new section of the General Code does or can apply to actions based upon operation of motor vehicles in the state by non-residents prior to the passage of the law.

The constitutional prohibition against retroactive laws is plain and generally well understood.

At the time of the occurrence of the causes of action in these cases, the defendants were not subject to service such as is provided in this new law; at that time there was no right or authority to serve them through agents, or public officials. By the operation of this law, persons within its provisions who are non-residents, may be served in this state by service upon the secretary of state and by mailing. By the operation of this law, an agent is appointed for service upon such non-residents.

In *Safford* v. *Ins. Co.*, 119 O. S., 332, p. 336, is quoted with approval the definition of retroactive laws within the Constitution, announced by Justice Story, as follows:

"Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions or considerations already passed, must be deemed retrospective."

In that case it was held that an attempt to increase the tax on foreign insurance companies for business done in past years was retroactive and unenforceable.

The question of the constitutionality of this new law has been presented to numerous courts, and the consitutionality of the same sustained.

In *Pawloski* v. *Hess*, 288 Mass., 531 (114 N. E., 760) it was held that the law of Massachusetts, providing substantially as the section of the Code involved in these cases, is not unconstitutional, being within the police power. See also *Hess* v. *Pawloski*, 274 U. S., 352, where the same conclusion was reached, and *Cleary* v. *Johnson*, (N. J.) 74 Atl. 538 to the same effect.

The statute of Massachusetts involved in the cases from

that state above referred to is in effect and substance the same as the section involved in these cases.

In the case of *Paroboschi* v. *Shaw,* 155 N. E. 445, the identical question here presented was considered by the court. The Massachusetts law was passed in 1923, and the petition of the plaintiff showed that the accident involved occurred on June 13, 1922.

The court say, speaking of the statute referred to, on p. 446:

"That statute was not in effect at the time of the accident out of which arose the present action. It was not enacted until some time later. There was no legislative attempt to make it applicable to actions or proceedings growing out of accidents or collisions which had arisen before it became effective. 'The general rule of interpretation is that all statutes are prospective in their operation unless an intention that they shall be retrospective appears by necessary implication either from words, context, or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existing rights, remedies and obligations. Doubtless all legislation commonly looks to the future, not to the past, and has no retroactive effect unless such an effect manifestly is required by unequivocal terms. It is only when statutes regulating practice, procedure and evidence—in short, those relating to remedies and not affecting substantive rights that commonly are treated as operating retroactively, and as applying to pending actions or causes of actions.' (Citations)... Tested by that principle, said chapter 431 does not authorize such service as was here attempted touching causes of action arising before it took effect. The essence of that statute is that the operation of a motor vehicle upon the highways of this Commonwealth by a non-resident shall be 'deemed equivalent to the appointment by such non-resident of the registrar of motor vehicles' as his attorney for the service of all lawful process in the specified actions, and 'a signification of his agreement that any such process against him' so served 'shall be of the same legal force and validity as if served on him personally.' The statute thus imposes upon the non-resident operating a motor vehicle as there described, the continual obligation of making the registrar of motor vehicles his agent for the limited purpose stated. Such a contractual obligation relates to substantive rights, and not merely to remedy. It is manifest from the frame of the act that there is no intention on the

part of the legislature to attempt to ascribe such contractual obligations to acts committed before the statute became operative. The case at bar is quite distinguishable from the class of cases illustrated by Devine's Cases, 236 Mass., 588; 129 N. E., 414; *Selectmen of Amesbury* v. *Citizen's Electric Street Ry.*, 199 Mass., 399, 85 N. E., 419."

The Massachusetts law was again under consideration in *Duggan* v. *Ogden,* 180 N. E., 301, in which the court distinguishes the case at bar from *Paraboschi* v. *Shaw, supra.* The court in its opinion on p. 302 say:

"* * * a power of attorney cannot be made retroactive without clear words to that end. It is doubtful whether the legislative power would extend to making such a statutory power of attorney retroactive. However that may be, there was nothing in said chapter 431 indicative of a purpose to make it applicable to non-residents whose motor vehicles were prior to its enactment, involved in accidents on our ways. In the case at bar the defendant had by his act, appointed the registrar of motor vehicles his agent by virtue of said chapter 431 in force at the time of the events here alleged."

Coming to a careful examination of the law in question, the court is of the opinion that its language plainly forbids the interpretation contended for by the plaintiff, which is that it applies to causes of action arising before the effective date of the law. All of its language is prospective and plainly applies to future events. It does not contain any suggestion that the legislature had in mind to make it retroactive, the language of the act being clear that it should apply to future events makes interpretation unnecessary, as, where the lanuage of a law is plain, and understandable, it is to be enforced as written. No strained or forced interpretation of the language of this statute is permissible. A strained and unnatural interpretation would be required to sustain the plaintiff's claim concerning it.

It seems clear, as suggested by the decisions in the Massachusetts cases above referred to, that if this law were sought to be given a retroactive effect, it would be unconstitutional within the meaning of that clause which forbids the passing of retroactive laws.

The only case referred to by the plaintiffs as sustaining their position is *Ward* v. *Schwartz*, 25 O. A., 175. In that case however, the court was dealing with the amendment of an existing statute, and held in that case that as it was dealing with the amendment of an existing statute, that Section 26 of the Code was applicable.

It must be kept in mind that the statute involved in these cases is a new law, dealing with an entirely new method of service, and has nothing whatever to do with the subject of amendment.

Upon the authority of the case of *Safford* v. *Ins. Co.*, *supra,* and the Massachusetts cases, and the plain intent of the legislature, it must be held that the service in these cases attempted to be made upon the secretary of state must be quashed.

Attention is called to the recent decision of Judge Schwab of this court, in *L'Archer* v. *Rosenberger*, 31 N. P. (N. S.) 137, (O. L. B. & R., Oct. 30, 1933) construing the so-called "Guest Law," in which it was held that that section may not be invoked in actions which were pending prior to its effective date, June 14, 1933.

The motion to quash is granted in both cases.